(85 Misc. Rep. 579)

### FARLEY v. MEHLSACK.

(Supreme Court, Special Term, New York County. May, 1914.)

INTOXICATING LIQUORS (§ 108*) — LICENSE — PROCEEDINGS TO REVOKE — TIME TO INSTITUTE.

　　Under the express provisions of the Liquor Tax Law (Consol. Laws, c. 34) § 27, subd. 2, a proceeding to revoke and cancel a liquor tax certificate may be instituted after the expiration of the excise year.

　　[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 116–118; Dec. Dig. § 108.*]

Proceedings by William W. Farley against Fanny Mehlsack, to revoke a liquor tax certificate. Judgment for plaintiff.

A. M. Sperry, for plaintiff.
Ashbel P. Fitch and Mott & Grant, all of New York City, for defendant.

COHALAN, J. This is a proceeding to revoke liquor tax certificate No. 4638, issued to the respondent, Fanny Mehlsack, on the 28th day of September, 1912. The revocation is sought on the ground that the respondent unlawfully permitted her premises to become disorderly on the 26th and 27th days of September, 1913. These dates were

prior to the expiration of the liquor tax certificate, and the proceedings were not instituted until the excise year for which the certificate had been issued had actually expired. The commissioner of excise asserts that a proceeding to revoke and cancel a liquor tax certificate may be instituted after the expiration of the excise year, and the statute itself is authority therefor. Liquor Tax Law, § 27, subd. 2. This has been held to be a wise provision when it is considered that the penalty imposed upon the premises for permitting a disorderly condition thereof is of such a public interest that it is superior to the prior privilege of conducting the premises for the purpose of liquor traffic. The public has the right to an absolute suspension of traffic in the premises for one year. This contention has been sustained by Mr. Justice Mills, of the ninth department, in the unreported case of Farley v. Hammer and by Mr. Justice De Angelis in the case of Farley v. Wurz, Oneida, Special Term, October 4, 1913. In that case the court held:

"It would seem to follow from the foregoing that the special proceeding, instituted for the purpose of establishing the fact that a person, while the holder of a liquor tax certificate, permitted the certificated premises to become disorderly, should be instituted against him, although, even before the institution of the proceeding, the term of such certificate should have expired."

Judgment for cancellation granted. Decision and judgment may be submitted on notice.

Motion granted.